IN THE MATTER OF: CALVIN M. FREEMAN

No. 9229SC50

(Filed 16 February 1993)

1. **Administrative Law and Procedure § 53 (NCI4th)— dismissed teacher—constitutionality of search—raised for first time in superior court**

A dismissed teacher's objection to the constitutionality of a search was timely under N.C.G.S. § 150B-29 where the objection was not made before the Board of Education but was raised for the first time in superior court.

**Am Jur 2d, Administrative Law § 565.**

2. **Schools § 13.2 (NCI3d)— dismissal of teacher—marijuana— evidence obtained with illegal search—consideration**

The Court of Appeals affirmed a superior court order affirming a Board of Education's dismissal of respondent as a career teacher based on respondent's marijuana use where plaintiff contended that evidence from police officers should not have been considered because criminal proceedings against him had been dismissed on the grounds that the evidence had been obtained in violation of his Fourth Amendment guarantees, but there was nothing in the record before the Court of Appeals to reveal the reasons the criminal proceedings were dismissed.

**Am Jur 2d, Administrative Law §§ 378-380.**

IN RE FREEMAN

[109 N.C. App. 100 (1993)]

Appeal by respondent from order entered 24 October 1991 in Rutherford County Superior Court by Judge C. Walter Allen. Heard in the Court of Appeals 10 December 1992.

*Robert W. Wolf for petitioner-appellee Rutherford County Board of Education.*

*Kaylor, Bankhead & Luffman, by Stephen D. Kaylor, for respondent-appellant Calvin M. Freeman.*

GREENE, Judge.

Respondent Calvin M. Freeman (Freeman) appeals from the trial court's order affirming his dismissal as a career teacher by the Rutherford County Board of Education (the Board).

Freeman was employed as a teacher by the Board, and was classified as a tenured career teacher pursuant to N.C.G.S. § 115C-325(a)(1). On 20 June 1989, Freeman was arrested at his home and charged with felonious maintaining of a dwelling to keep and store marijuana and felonious manufacture of a controlled substance. The Assistant Superintendent of the Rutherford County Schools suspended Freeman with pay the next day. On 1 September 1989, the Superintendent of the Rutherford County Schools notified Freeman that he planned to recommend to the Board that Freeman be dismissed effective 19 September 1989. Freeman and the Board agreed to delay any action on the dismissal until after the criminal charges were resolved. The criminal charges were dismissed at a subsequent session of superior court. Although Freeman maintains that the charges were dismissed because the trial court determined that the evidence against him had been unconstitutionally seized, there is nothing in the record to support this theory. The Superintendent, on 24 July 1990, notified Freeman that he intended to proceed with the dismissal procedure. At the hearing before the Board on 13 August 1990, three of the police officers who arrested Freeman testified that they had found marijuana plants, marijuana, a marijuana pipe, and papers for rolling marijuana cigarettes at or near the Freeman residence, and presented as evidence certain crime scene reports, photographs, and lab reports related to the criminal charges. Two of the officers also testified that during the search of the home, Freeman told them he smoked marijuana. Freeman did not object before the Board to the officers' testimony or make any motion to suppress the evidence. The Board made, among others, the following relevant findings of fact:

10. That the criminal charges against Freeman were dismissed without trial by the Superior Court of Rutherford County, however, the evidence before the Board does not indicate the nature, reason or basis for the dismissal;

. . . .

15. That on June 20, 1989 officers of the Rutherford County Sheriff's Department, pursuant to information received from various informants, conducted a search of the land owned jointly by Freeman and his wife, and with consent from Freeman's wife, also searched their jointly owned principal residence;

16. That as a result of the search, officers of the . . . Sheriff's Department discovered on Freeman's land and in his principal residence the following: [a detailed description of the drugs and other items found in the search of the residence];

17. That at the time of the search of Freeman's premises, Freeman stated that he smoked marijuana;

. . . .

19. That Freeman knew of the presence of the marijuana found on his land and in his residence prior to its discovery by the . . . Sheriff's Department;

20. That Freeman knew about and condoned the growth and use of the marijuana by his wife on his land and in his residence;

21. That Freeman himself has used and smoked marijuana and he had the intent of using or smoking some of the marijuana found on his land and in his residence;

. . . .

24. That Freeman unlawfully, willfully and feloniously maintained a dwelling house to keep and store marijuana[.]

Based on the foregoing findings of fact, the Board concluded, in part, that Freeman had:

6. . . . [U]sed for nonmedical purposes a controlled substance [marijuana] as defined in Article 5 of Chapter 90 of the North Carolina General Statutes[.]

The Board then ordered that Freeman be "dismissed as a career teacher with the Rutherford County School System." Freeman timely appealed to the superior court pursuant to N.C.G.S. § 115C-325(n) and argued in that court that the order of dismissal was based on evidence seized in violation of his Federal Fourth Amendment rights and therefore must be reversed. The superior court, in its review of the evidence before the Board, determined that the search of Freeman's residence did not violate Freeman's Fourth Amendment rights and that there was substantial evidence in the record to support the order of the Board. Accordingly, the superior court rejected Freeman's argument and entered an order affirming the Board's dismissal of Freeman.

Before this Court, Freeman assigns as error the Board's consideration of evidence which he claims was obtained in violation of his Federal Fourth Amendment rights. Without this evidence, he contends, there was not substantial evidence in the record to support the Board's decision to dismiss him.

---

The issue presented is whether the evidence before the Board reveals an unreasonable search and seizure in violation of the Fourth Amendment of the United States Constitution.[1]

The Fourth Amendment of the United States Constitution secures the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." U.S. Const. amend. IV. This protection "applies in the civil [as well as the criminal] context . . . ." *Soldal v. Cook County, Illinois*, --- U.S. ---, ---, 121 L. Ed. 2d 450, 462 (1992). Separate and apart from the question of whether a party's Fourth Amendment rights have been violated is the question of whether a violation requires the exclusion, in any civil or criminal proceeding, of evidence obtained as a result of the violation. *Illinois v. Gates*, 462 U.S. 213, 223, 76 L. Ed. 2d 527, 538-39 (1983). Therefore, the exclusionary rule is not itself a constitutional right of the aggrieved party, but is instead "a judicially created remedy designed to safeguard Fourth Amendment rights . . . ." *United States v. Calandra*, 414 U.S. 338, 348, 38 L. Ed. 2d 561, 571 (1974). The

---

1. Freeman does not raise, and we therefore do not address, the issue of whether the search violates his rights under Article I, § 20 of the North Carolina Constitution.

exclusionary rule encourages compliance with the Fourth Amendment in that it deters police from breaching the Amendment by removing the incentive to disregard it. The exclusionary rule as a penalty for violation of the Fourth Amendment, however, is not absolute.[2] For example, in the context of a criminal proceeding, the benefits produced by the suppression of "evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant cannot justify the substantial costs of exclusion." *United States v. Leon*, 468 U.S. 897, 922, 82 L. Ed. 2d 677, 698 (1984). Also, in the context of a civil proceeding, evidence seized by a state criminal law enforcement officer in good faith, but nonetheless unconstitutionally, is admissible in a federal civil proceeding. *United States v. Janis*, 428 U.S. 433, 459-60, 49 L. Ed. 2d 1046, 1064 (1976). In general, the question of whether evidence obtained in violation of the Fourth Amendment must be excluded requires the balancing of the societal costs against the deterrent benefits of excluding the evidence. *See Immigration and Naturalization Serv. v. Lopez-Mendoza*, 468 U.S. 1032, 1041, 82 L. Ed. 2d 778, 787 (1984).

[1] Freeman did not, before the Board, object to the evidence offered by the police officers regarding the search of his premises. He did, however, object to the consideration of this evidence by the superior court in its review of whether the Board's decision was supported by "substantial evidence admissible under G.S. 150B-29(a) . . . in view of the entire record as submitted . . . ." N.C.G.S. § 150B-51(b)(5) (1991). This objection in the superior court was timely because N.C.G.S. § 150B-29(a) permits a party to raise, for the first time in the superior court, objections to evidence considered by an administrative agency.

[2] In this case, Freeman argued in the superior court, and now argues in this Court, that in determining if there was substantial evidence in the record to support the order by the Board, the

---

2. Contrast the United States Supreme Court's construction of the Fourth Amendment of the United States Constitution with the North Carolina Supreme Court's construction of Article I, § 20 of the North Carolina Constitution. In *State v. Carter*, the Court rejected the "cost-benefit" test of the federal exclusionary rule as "simplistic" and not suited to the resolution of the issue. *State v. Carter*, 322 N.C. 709, 723, 370 S.E.2d 553, 561 (1988). The Court instead adopted an absolute test, holding that the "exclusionary sanction is indispensable to give effect to the constitutional principles prohibiting unreasonable search and seizure." *Id.* at 719, 370 S.E.2d at 559.

evidence from the police officers must not be considered because it was obtained in violation of his Fourth Amendment rights. Freeman does not, however, argue in what respect the search violated the Fourth Amendment. Freeman instead simply argues that because the criminal proceedings against him were dismissed by the trial judge on the grounds "the evidence had been obtained in violation of [Freeman's] Fourth Amendment guarantees," the evidence was not admissible before the Board. Without deciding the merit of Freeman's argument, we reject it because there is nothing in the record before this Court which reveals the reasons the criminal proceedings against Freeman were dismissed. Accordingly, the order of the superior court is

Affirmed.

Judges COZORT and WYNN concur.